UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MITCHELL M. BLANKS,

    Petitioner,

v.                                       Case No: 2:17-cv-247-FtM-99CM

20TH JUDICIAL CIRCUIT COURT,
LEE COUNTY, FL and D.O.C.,

    Respondents.

## ORDER OF DISMISSAL

Petitioner initiated this case on May 8, 2017 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner filed an amended petition on May 19, 2017 (Doc. 5). Petitioner challenges his convictions and sentences entered by the Twentieth Judicial Circuit Court in Lee County, Florida for burglary of an occupied dwelling; petit theft; burglary with an assault of battery; robbery; grand theft; burglary with a battery; robbery with a weapon and aggravated battery. Id. at 1.

After conducting a preliminary review of the amended petition[1], the Court concluded that the petition was untimely on its face. Accordingly, pursuant to Day v. McDonough, 547 U.S.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court[.]"

198, 209 (2006), Petitioner was directed to show cause why the petition should not be dismissed (Doc. 7). Petitioner filed a response asserting that each of his claims is exhausted, but offers no argument regarding the petition's timelines (Doc. 8).

Because a review of the pleadings show that Petitioner's habeas petition was untimely filed, the petition will be dismissed with prejudice.

## I. Background

Petitioner was convicted of several burglary-related counts in 1992 (Doc. 5 at 1; Doc. 1-1 at 13, 22). He was sentenced to life in prison (Doc. 1-1 at 13). It is unclear from the pleadings before this Court whether Petitioner filed a direct appeal of his convictions and sentences. However, on March 14, 1995, he filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (Doc. 5 at 7). In that motion, Petitioner asserted that "the departure sentences are invalid which resulted in defendant's sentences being illegal." Id. On June 7, 1995, the post-conviction court denied the Rule 3.850 motion. Id. Petitioner filed an appeal, and Florida's Second District Court of Appeal reversed the order and remanded the case back to the post-conviction court to attach relevant portions of the record demonstrating that Petitioner was not entitled to any relief or to conduct an evidentiary hearing to determine the merits of his claims. Blanks v. State, 662 So. 2d

730 (Fla. 2d DCA 1995). On January 9, 1996, the post-conviction court again denied Petitioner's Rule 3.850 motion (Doc. 5 at 7). Petitioner did not appeal.

On August 1, 2007, Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Doc. 5 at 7). On October 10, 2007, the motion was denied. Id. Petitioner filed an appeal, and Florida's Second District Court of Appeal affirmed. Blanks v. State, 988 So. 2d 622 (Fla. 2d DCA 2008) (table). Petitioner filed a second Rule 3.800(a) motion on January 9, 2009 (Doc. 5 at 8). The motion was denied, and Florida's Second District Court of Appeal affirmed. Blanks v. State, 19 So. 3d 989 (Fla. 2d DCA 2009) (table).

On February 20, 2012, Petitioner filed a second Rule 3.850 motion which was denied by the post-conviction court as successive (Doc. 5 at 8-9). Petitioner filed another Rule 3.850 motion on March 12, 2012, which was again denied as successive. Id.

Petitioner signed his original 28 U.S.C. § 2254 petition on May 3, 2017 (Doc. 1 at 5).

## II. Analysis

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a

state court judgment.  This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Additionally, under § 2244(d)(2) "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply.  Therefore, the statute of limitation is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A).

Because Petitioner's conviction became final before the AEDPA was enacted, he had one year after its enactment, or through April 24, 1997, to file a petition for writ of habeas corpus, unless tolling principals apply. See Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998). Petitioner's limitations period expired on April 24, 1997 because he did not file any tolling post-conviction pleadings until August 1, 2007 — more than ten years after the limitations period had already expired (Doc. 5 at 2). See Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

The foregoing was explained to Petitioner in this Court's order to show cause (Doc. 7). Petitioner was instructed that to avoid a dismissal of this case, he was required to show: (1) that the Court's determination of untimeliness is incorrect; (2) that he is entitled to a delayed start of the limitation period under 28 U.S.C. § 2244(d)(1); (3) that he is entitled to equitable tolling; or (4) that he is actually innocent under the standards set forth in McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013). Id. Petitioner has not complied, and as a result, this case is dismissed as untimely.

## III. Certificate of Appealability[2]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[2] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id. As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

1. The amended petition for writ of habeas corpus filed by Mitchell M. Blanks is **DISMISSED WITH PREJUDICE** as time-barred.

2. Petitioner is **DENIED** a certificate of appealability.

3. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   6th   day of June, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Mitchell M. Blanks